IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RHONDA ALAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-430 |
| | ) | |
| TOYS "R" US HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of plaintiff's "Motion for Judgment" [doc. 11]. Defendants have filed a response in opposition to the motion [doc. 13]. Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiff has filed suit for review of the denial of insurance benefits from an employee welfare benefit plan that covered her mother at the time of her death. For the reasons that follow, the motion will be denied; the decision denying benefits under the policy will be upheld; and this case will be dismissed.

I.

*Background*

Plaintiff's decedent, Carol Meade, was employed in Knoxville, Tennessee by Babies "R" Us, a subsidiary of defendant Toys "R" Us Holdings, Inc. On August 16, 2008, Meade was involved in a automobile accident on her way to work. She later died from the

injuries she suffered in the accident. At the time of her death, Meade was covered by an employee welfare benefit plan that included accident insurance.

Plaintiff, Rhonda Alan, is Meade's only child and sole beneficiary under the terms of the insurance policy underwritten and administered by defendant Chartis. One of the benefits offered to Meade as an employee was a business travel accident policy, which provides coverage for accidental injury or death "while on the business of the policy holder." The policy states that it excludes "injury sustained during the course of every day travel to and from work." Alan made a claim for benefits under this policy which was denied, and it is that claim denial that is before the court.

The policy that covered Meade provides eligibility for four classes of persons:

The following persons shall be eligible for insurance hereunder:

| Class | Description of Class |
|-------|----------------------|
| I | All full-time employees of the Policyholder who hold the title of Director, the equivalent or above. |
| II | All other full time employees (not class I) of the Policyholder. |
| III | All Non-Employee Directors of the Policyholder. |
| IV | All part time and seasonal employees of the Policyholder. |

2

Although everyday commuting is excluded from the policy, the policy contains a full commutation rider that became effective September 27, 2007. The rider is available to Class I and II employees only and provides in relevant part:

> **Full Commutation (Class I and II Only)**
> . . .
> **Commuting** - as used in the Hazard, means everyday travel between the Insured Person's residence and place of regular employment with the Policyholder, where his or her purpose in being at such place of employment is to perform assigned duties relating to such employment for which compensation is received. As used in this Hazard, Commuting does not include Sojourn or Personal Deviation.

II.

*Standard of Review*

Plaintiff contends, and defendants concede as correct, that the plan does not give discretionary authority to the plan administrator. Therefore, this court's review of the plan administrator's decision is *de novo*. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998). This standard of review applies to both the plan administrator's interpretation of the plan and factual findings. *Id*. (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "When conducting a *de novo* review, the district court must take a 'fresh look' at the administrative record but may not consider new evidence or look beyond the record that was before the plan administrator." *Id*. (citations omitted). The court has conducted the required review.

3

III.

*Analysis*

Plaintiff's claim was denied because Meade was not a full-time employee entitled to the full commutation rider. The documentation in the Administrative Record from Meade's employment file demonstrates that defendant classified her as a part-time employee. This documentation includes a compensation statement and benefit election form that is dated two months prior to Meade's death. Other document printouts identify Meade as a store associate and part-time employee. Her earning statement for the first six months of 2008 indicates that she worked an average of less than 28 hours per week.

Plaintiff argues that the plan does not define full and part-time employee, yet readily concedes that it is the employer that usually determines what constitutes full-time employment. All the documentary evidence in the record demonstrates that defendant classified Meade as a regular part-time employee. As a part-time employee, she was not entitled to the full commutation rider on the insurance policy.

Plaintiff also argues that because the terms full-time and part-time employee are not defined in the insurance contract, the ambiguity should be construed in favor of the insured employee pursuant to the *contra proferentum* rule. "The *contra proferentum* rule is applied where contractual language is found to have more than one interpretation. If the language is subject to more than one interpretation, ambiguities are construed against the drafter of the language." *Marquette Gen. Hosp. v. Goodman Forest Indus.*, 315 F.3d 629,

4

633 n.1 (6th Cir. 2003) (citations omitted). "The rule of *contra proferentum*, however, only applies to *ambiguous* contract provisions. . . . Ambiguity requires two reasonable interpretations. . . . Furthermore, mere disagreement between the parties does not create ambiguity in the legal sense." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 557 n. 7 (6th Cir. 1998) (citations omitted).

This rule does not apply since there is no ambiguity in the contract provisions. Although part-time and full-time status are not specifically defined under the plan, all of the documentation concerning Meade's employment demonstrates that she was classified as a part-time employee. As noted above, such documentation includes a benefits election statement dated just two months prior to her death. Plaintiff has not offered evidence sufficient to challenge defendant's classification of Meade as a part-time employee.

Plaintiff also raises the issue of a conflict of interest "between the fiduciary issuing the insurance policy and the insured employee." Without supporting argument or discussion, plaintiff simply cites a Sixth Circuit case. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed [argumentation], are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted). Plaintiff's severely underdeveloped argument (asking the court to *sua sponte* create arguments on her behalf) is precisely the type of situation contemplated by *Cole*. Accordingly, the court will not consider the issue of any alleged

5

conflict of interest.

## IV.

*Conclusion*

Therefore, for the reasons stated herein, plaintiff's "Motion for Judgment" will be denied; the plan administrator's decision will be upheld; and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

                                                    s/ Leon Jordan
                                      United States District Judge